**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael X. Valle,<br><br>    Petitioner,<br><br>v.<br><br>Tucson City Court, et al.,<br><br>    Respondents. | No. CV-23-00224-TUC-AMM<br><br>**ORDER** |

On December 20, 2024, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") recommending this Court deny Petitioner Michael X. Valle's 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. (Doc. 9.) Petitioner filed a timely Objection to the R&R, and Respondent filed a Response. (Docs. 10–11.) For the reasons discussed below, the Court will overrule Petitioner's objections and adopt the R&R.

A district court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

Petitioner alleges that the Arizona state court violated his Sixth Amendment right

to an impartial jury when it dismissed a juror for cause based on the juror's statements going to the merits of the case. (Doc. 1 at 2.) Petitioner objects to the Magistrate Judge's determination that (1) his claim is not entitled to de novo review; and (2) his claim is barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1] (Doc. 10 at 3–9.) Upon de novo review, the Court finds that Petitioner's objections lack merit.

First, AEDPA "restricts the circumstances under which a federal habeas court may grant relief to a state prisoner whose claim has already been 'adjudicated on the merits.'" *Johnson v. Williams*, 568 U.S. 289, 292 (2013) (citing 28 U.S.C. § 2254(d)). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011); *Johnson*, 568 U.S. at 301 ("When a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ."). Here, Petitioner presented his Sixth Amendment claim to the Arizona Superior Court and Court of Appeals and the state courts denied his claim.[2] As such, the Court must presume that his claim was adjudicated on the merits.

Petitioner may only overcome this presumption if "the evidence leads very clearly to the conclusion that a federal claim was inadvertently overlooked in state court . . . ." *Johnson*, 568 U.S. at 303. Petitioner asserts the state court's reliance on Arizona Rule of Criminal Procedure ("ARCP") 18.6(e) (permitting jurors to submit written questions) is contrary to Ninth Circuit precedent that prohibits dismissing a juror for his or her views on the merits of the case. (Doc. 10 at 5 (citing *United States v. Symington*, 195 F.3d 1080,

---

[1] The Court reviewed for clear error the portions of the R&R that Petitioner did not object to, including the factual and procedural background. (*See* Docs. 9–10.) The Court finds no clear error and will adopt these portions of the R&R.
[2] Petitioner appealed to the Pima County Superior Court, asserting, inter alia, "that the trial court abused its discretion when it violated his [fe]ederal [Sixth] Amendment right to an impartial jury." (Doc. 6 at 20.) The Superior Court affirmed the trial court's determination and denied his motion for rehearing. (Docs. 1-4, 1-5.) Petitioner sought special action relief in the Arizona Court of Appeals, which declined jurisdiction. (Doc. 1-6.) The Arizona Supreme Court denied his petition for review. (Doc. 1-8.)

1087 (9th Cir. 1999).) However, the Arizona Court of Appeals distinguished the facts of Petitioner's case from *Symington* and did not overlook Petitioner's Sixth Amendment claim. (*See* Doc. 1-6 at 4 (citing *Symington*, 195 F.3d at 1085).) Because Petitioner fails to rebut the presumption that his claim was adjudicated on the merits, his claim is not entitled to de novo review. Petitioner's objection is overruled.

Second, Petitioner's claim is barred by AEDPA because the state court decision is not contrary to clearly established federal law and was not based on an unreasonable application of the facts. Under AEDPA, once a claim has been adjudicated on the merits in state court, a federal habeas court may not grant relief unless:

> the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). Because "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (quoting 28 U.S.C. § 2254(d)(1)). As such, Petitioner's reliance on the Ninth Circuit's holding in *Symington*, 195 F.3d 1080 is unpersuasive, and the Court will overrule Petitioner's objection.

The Court has reviewed the filings in this case, including the Petition (Doc. 1), Response (Doc. 6), Reply (Doc. 7), the R&R (Doc. 9), Petitioner's Objection (Doc. 10), and Respondent's Response (Doc. 11). Upon de novo review of the objected to portions of the R&R, and clear error review of the unopposed portions, the Court agrees with the Magistrate Judge's findings and adopts the R&R.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation is **ADOPTED.** (Doc. 9.)

**IT IS FURTHER ORDERED** that Petitioner Michael X. Valle's Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2254 is **DENIED**. (Doc. 1.)

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 478, 484 (2000).

Dated this 14th day of July, 2025.

Honorable Angela M. Martinez
United States District Judge